UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, | ) ) | |
| | ) | No. 5:26-cv-149-REW |
| Plaintiff, | ) ) | |
| V. | ) ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| HUNTER-QUINN PROPERTIES, LLC and BLUEGRASS HOLDINGS, LLC, | ) ) ) | **ORDER** |
| Defendants. | | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Zurich American Insurance Company moves for default judgment against Defendants Hunter-Quinn Properties, LLC and Bluegrass Holdings, LLC.  *See* DE 12.  However, Plaintiff has failed to properly allege subject matter jurisdiction and otherwise has not made the requisite showing under Rule 55 to entitle it to relief.  Accordingly, the Court will deny DE 12 without prejudice and deny DE 11 as moot.  Nevertheless, Plaintiff will have an opportunity to cure these defects, as outlined in this Order.

## I.   BACKGROUND

Plaintiff Zurich American Insurance Company's predecessor in interest, Assurance Company of America, had a Precision Portfolio Policy with Defendants Hunter-Quinn Properties and Bluegrass Holdings from September 19, 2010, until cancellation on June 21, 2013.  *See* DE 1 at 3.  During that policy period, on December 28, 2010, Hunter-Quinn obtained a collection of fourteen townhomes and sold those townhomes to individual owners.  *See id.* at 4.  Subsequently, a homeowner's association and an individual townhome owner brought suit against Hunter-Quinn in the Court of Common Pleas in Charleston County, South Carolina, alleging defects in the

construction of the townhomes.  *See id.* at 3-4.  The state court plaintiffs allege that Hunter-Quinn negligently placed the defectively constructed townhomes into the "stream of commerce" by selling them to members of the public.  *See id.*

Although the record does not indicate that Hunter-Quinn has sought defense or coverage from Zurich, Zurich filed this action seeking declaratory judgment.  Zurich asserts that it has no duty to defend Hunter-Quinn in the state court action and no duty to provide insurance coverage to Hunter-Quinn for any claims raised in the state court action.  *See id.* at 7.  Zurich served both of the Defendants with the Complaint on May 1, 2026.  *See* DE 7; DE 8.  Having received no responsive pleading, Zurich moved for entry of default on June 5, 2026, which the Clerk effected on June 8, 2026.  *See* DE 9; DE 10.  Zurich then moved for entry of default judgment, which the Court considers in turn.

## II.    LEGAL STANDARDS

### A.  Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and may only entertain cases that fall within their statutorily defined subject matter jurisdiction.  Accordingly, the Court has an independent duty to assure itself of its subject matter jurisdiction "in regard to every case and may raise the issue *sua sponte*."  *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."); *Farmer v. Fisher*, 386 F. App'x 554, 556 (6th Cir. 2010) (quoting *Caudill v. N. Am. Media Corp.*, 200 F.3d 914, 916 (6th Cir. 2000)) ("The presence or absence of jurisdiction to hear a case is the 'first and fundamental question presented by every case brought to the federal courts.'").

Federal courts presume "that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Farmer*, 386 F. App'x at 556 (citation omitted). Thus, as the party asserting that the Court has jurisdiction over its claims, Zurich bears the burden of establishing such. *See Chevalier v. Estate of Barnhar*t, 803 F.3d 789, 794 (6th Cir. 2015) (citing *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011)). To meet that burden, a plaintiff must "[plead] sufficient facts to support the existence of the court's jurisdiction." *Vaughn v. Holiday Inn Cleveland Coliseum*, 56 F. App'x 249, 250 (6th Cir. 2003); *see also* Fed. R. Civ. P. 8(a)(1) (requiring a pleading stating a claim for relief to contain "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support").

A federal district court may have jurisdiction over an action in one of two ways. First, the Court has original federal question jurisdiction over civil actions that arise under the "Constitution, laws, or treaties" of the United States. *See* 28 U.S.C. § 1331. This Court also has original "diversity" jurisdiction over all civil actions when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the dispute is between parties who are "citizens of different States." *See* 28 U.S.C. § 1332(a). For purposes of diversity jurisdiction, a corporation is a citizen of its state of incorporation and the state in which it has its principal place of business. *Roberts v. Mars Petcare US, Inc.*, 874 F.3d 953, 956 (6th Cir. 2017). Limited liability companies, on the other hand, "have the citizenship of each partner or member." *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009). Unlike a corporation, a limited liability company's state of organization and principal place of business have no bearing on its citizenship. *See Akno 1010 Market Street St. Louis Missouri LLC v. Pourtaghi*, 43 F.4th 624, 627 (6th Cir. 2022) ("Alleging that an LLC is organized under the laws of a certain state does nothing

3

to establish its citizenship."). Thus, when a limited liability company is a party to the action, a plaintiff invoking this Court's diversity jurisdiction must provide the citizenship of each member in the jurisdictional statement. *Delay*, 585 F.3d at 1005. Of course, if a member is itself an LLC, the jurisdictional showing extends to sub-members.

### B. Default Judgment

"The Federal Rules of Civil Procedure require a defendant to serve an answer within twenty days of being served with a summons and complaint. Rule 55 permits the clerk to enter a default when a party fails to defend an action as required." *Weiss v. St. Paul Fire & Marine Ins. Co.*, 283 F.3d 790, 794 (6th Cir. 2002) (internal citation omitted). After a Clerk's entry of default, a party may seek a default judgment. Fed. R. Civ. P. 55(b)(2); *Hollis v. Howard*, No. 16-5115, 2016 WL 9804159, at *2 (6th Cir. Dec. 21, 2016) ("Following an entry of default by the clerk, the party entitled to a judgment by default must apply to the court therefor."). "Once a default is entered against a defendant, that party is deemed to have admitted all of the well pleaded allegations in the Complaint[.]" *Ford Motor Co. v. Cross*, 441 F.Supp.2d 837, 846 (E.D. Mich. 2006). But, "[e]ven if a default has been entered against a party, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Anderson v. Johnson*, 194 F.3d 1311 (Table), No. 98-1931, 1999 WL 1023753, at *2 (6th Cir. Nov. 4, 1999).

### III.    ANALYSIS

### A. Zurich Failed to Establish Diversity of Citizenship

In its Complaint, Zurich invokes this Court's diversity jurisdiction as the sole basis for conferring subject matter jurisdiction. *See* DE 1 at 1. As such, Zurich must demonstrate that it is diverse from both Hunter-Quinn and Bluegrass Holdings. On this point, Zurich alleges that it is a

4

corporation organized under the laws of the State of New York with its principal place of business in Illinois. *See id*. As for the two Defendants, Zurich alleges that both Hunter-Quinn Properties and Bluegrass Holdings are limited liability companies formed and registered under the laws of the Commonwealth of Kentucky, with principal places of business in South Carolina. *See id*. at 1-2.

In light of the foregoing, Zurich, as a corporation, has established that it is a citizen of both New York and Illinois, by providing its state of incorporation and principal place of business. *See Mars Petcare*, 874 F.3d at 956. Thus, to establish diversity jurisdiction, Zurich must demonstrate that neither Hunter-Quinn nor Bluegrass Holdings are citizens of either New York or Illinois. *See Delay*, 585 F.3d at 1005. Because both Hunter-Quinn and Bluegrass Holdings are limited liability companies, this requires Zurich to establish that neither company has a member that is a citizen of New York or Illinois. *Id*. However, by merely providing the state of formation and principal place of business, Zurich has not properly alleged the citizenship of either Hunter-Quinn or Bluegrass Holdings, as the Court "needs to know the citizenship of each member of the company." *Id*. It could be the case that one of the members of either Hunter-Quinn or Bluegrass Holdings is a citizen of either New York or Illinois, meaning this Court would not have jurisdiction over the matter. As the burden is on Zurich to establish this Court's jurisdiction, and the Court "must hold litigants to this requirement," the Court declines to exercise jurisdiction over this matter until it is assured that diversity jurisdiction exists. *Akno*, 43 F.4th at 627; *see also Prime Rate Premium Fin. Corp., Inc. v. Larson*, 930 F.3d 759, 765 (6th Cir. 2019) ("It. . .behooves parties to be meticulous in jurisdictional matters.").

Nevertheless, rather than dismiss the action in its entirety, the Court will permit Zurich to amend its defective jurisdictional allegations, pursuant to 28 U.S.C. § 1653. Under that statute,

5

"[d]effective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." *See* 28 U.S.C. § 1653; *see also Varsity Brands, Inc. v. Star Athletica, LLC*, 799 F.3d 468 (6th Cir. 2015) (holding that plaintiffs should be permitted to amend their complaint in order to cure a defective allegation of diversity jurisdiction). Thus, Zurich will have twenty-one days from the entry of this Order to file an Amended Complaint that properly alleges the citizenship of Defendants Hunter-Quinn Properties and Bluegrass Holdings.

### B.  Zurich's Motion for Default Judgment Otherwise Fails to Entitle it to Relief

In any event, because Zurich is permitted to file an Amended Complaint, the Court finds it prudent to note further deficiencies in Zurich's motion for default judgment, so that it may cure these deficiencies if it chooses to seek further relief from this Court. Under the applicable standards for default judgment, the factual allegations and supporting exhibits would not have entitled Zurich to a default judgment. First, Zurich seeks a declaration of rights under the Declaratory Judgment Act, which requires the Court to cautiously consider whether exercising jurisdiction is prudent. *Grange Mut. Ins. Co. v. Safeco Ins. Co. of America*, 565 F.Supp.2d 779, 785 (E.D. Ky. 2008). Thus, Zurich would be wise to discuss the relevant factors when requesting that the Court accept jurisdiction, as the decision to do so is left to the "unique and substantial" discretion of the Court. *See Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 554 (6th Cir. 2008) (quoting *Grand Trunk W. R.R. Co. v. Consol. Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984)).

More fatally, Zurich does not provide, so far as the Court can tell, the relevant policy language that it contends entitles it to relief. The determination whether coverage exists begins with analyzing the relevant insurance policy. *Stone v. Ky. Farm Bureau Mut. Ins. Co.*, 34 S.W.3d 809, 810-11 (Ky. App. 200). In an insurance coverage dispute, the threshold inquiry is whether the relevant policy grants liability coverage for the claims brought against the insured. *See Kemper*

6

*Nat. Ins. Cos. v. Heaven Hill Distilleries, Inc.*, 82 S.W.3d 869, 871 (2002).  This, policy dependent of course, typically requires a determination of whether the claimed damages were caused by a covered "occurrence" under the policy, according to the policy's terms and definitions.  *Id.*

In the instant case, Zurich asserts that Hunter-Quinn's sale of the townhomes does not constitute an "occurrence" under the terms of the policy because the sale was not an "accident." *See* DE 12 at 3.  Zurich also avers that the policy contains an express exclusion from liability coverage for "premises you sell" and damages arising out of Hunter-Quinn's performance of "any professional services" or work which was "incorrectly performed."  *Id.*  However, Zurich does not cite to the provisions of the policy that provide these terms, and upon review, the Court cannot locate these unspecified provisions in the policy provided.  The policy propounded by Zurich with its Complaint does not define occurrence, nor does it contain the exclusions referenced by Zurich in its Motion for Default Judgment.  *See* DE 1-2.  Without the relevant policy language to examine, the Court cannot grant Zurich its requested relief.

As a final matter, the Court addresses the motion at DE 11.  This motion is styled as a motion for entry of default, although it closely resembles the document filed as a motion for default judgment.  *See* DE 11; DE 12.  To the extent Zurich moves for entry of default with this motion, the Court will deny DE 11 as moot, as Zurich has already moved for entry of default, and the Clerk entered default.  *See* DE 9; DE 10.

## IV.   CONCLUSION

Accordingly, the Court **ORDERS** as follows:

1.  The Court **DENIES as moot** DE 11;

2.  The Court **DENIES without prejudice** DE 12;

3. Plaintiff shall tender an Amended Complaint curing the above deficiencies within **twenty-one (21) days** from the entry of this Order.

This the 22nd day of July, 2026.



Signed By:

*Robert E. Wier*

**United States District Judge**